UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Trusts Established under the Pooling and Servicing Agreements relating to the Wachovia Bank Commercial Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2007-C30; COBALT CMBS Commercial Mortgage Trust 2007-C2 Commercial Mortgage Pass-Through Certificates, Series 2007-C2; Wachovia Bank Commercial Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2007-C31; ML-CFC Commercial Mortgage Trust 2007-5 Commercial Mortgage Pass-Through Certificates, Series 2007-5; and ML-CFC Commercial Mortgage Trust 2007-6 Commercial Mortgage Pass-Through Certificates, Series 2007-6 | 17 Civ. 1998 (KPF)<br><br>ORDER |

KATHERINE POLK FAILLA, District Judge:

On March 19, 2020, the Court issued an Opinion and Order on the parties' cross-motions for summary judgment. (Dkt. #412). Specifically, the Court granted CWC's and the GSEs' motions for summary judgment and denied Appaloosa's motion for partial summary judgment. (*See id.*). The Court also resolved the parties' competing motions to exclude. (*See id.*). On April 24, 2020, the parties submitted proposed final orders and judgments. (Dkt. #418). The parties largely agree on the language, but diverge as to whether the final order and judgment should include a provision preserving Appaloosa's ability to move for attorneys' fees and costs. (*See id.* at 1). Both CWC and the GSEs state that the issue of attorneys' fees and costs should not be addressed in the final order and judgment. (*See id.* at 2).

The Court has reviewed the parties' submission and has concluded that the final order and judgment need not include a provision preserving

Appaloosa's right to seek attorneys' fees and costs. *See* Fed. R. Civ. P. 58(e) ("the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees"). As the parties are aware, the Court retains residual jurisdiction over this case for the purpose of resolving an attorneys' fee motion while the appeal is pending. *See Tancredi* v. *Metropolitan Life Ins. Co.*, 378 F.3d 220, 225-26 (2d Cir. 2004). The Court does not contemplate resolving any fee petition in a manner that would permit its consideration with the underlying merits appeal, as permitted by Rule 58(e).

The question remains as to when it would be appropriate for Appaloosa, or any party, to file a motion for attorneys' fees and expenses. Under the law, such a motion could be filed within two weeks after the filing of the judgment. *See* Fed. R. Civ. P. 54(d)(2)(B)(i) (stating that motion for attorneys' fees shall be filed no later than 14 days after the entry of judgment). However, the Court recognizes that this schedule can be modified by statute or court order. Fed. R. Civ. P. 54(d)(2)(B). The Court observes that any motion for attorneys' fees and expenses would very likely be clarified by resolution of the underlying merits appeal. Indeed, in at least one recent case before the Court, the parties specifically agreed to defer the question of attorneys' fees until after resolution of an appeal. Accordingly, the Court invites the parties to discuss proposing a schedule by which motions for attorneys' fees and expenses would follow resolution of any appeal from the judgment in this case.

SO ORDERED.

Dated:     April 27, 2020
           New York, New York

KATHERINE POLK FAILLA
United States District Judge