UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In the Matter of the Trusts established under the Pooling and Servicing Agreements relating to the Wachovia Bank Commercial Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2007-C30; COBALT CMBS Commercial Mortgage Trust 2007-C2 Commercial Mortgage Pass-Through Certificates, Series 2007-C2; Wachovia Bank Commercial Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2007-C31; ML-CFC Commercial Mortgage Trust 2007-5 Commercial Mortgage Pass-Through Certificates, Series 2007-5; and ML-CFC Commercial Mortgage Trust 2007-6 Commercial Mortgage Pass-Through Certificates, Series 2007-6 | 17 Civ. 1998 (KPF) <br><br> ORDER ISSUING JUDICIAL INSTRUCTIONS |

---

KATHERINE POLK FAILLA, District Judge:

WHEREAS, on December 17, 2015, Petitioner U.S. Bank National Association, acting solely in its capacity as trustee (the "Trustee") of the above-captioned trusts, commenced this proceeding by filing a Petition for Instructions in the Administration of Certain Trusts (the "Petition") in the District Court for the Second Judicial District of Minnesota (the "MN State Court"), seeking judicial instructions concerning the proper interpretation and construction of certain provisions of the pooling and servicing agreements (the "PSAs") for the Wachovia Bank Commercial Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2007-C30 (the "C30 Trust"); the Wachovia Bank Commercial Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2007-C31 (the "C31 Trust"), COBALT CMBS Commercial Mortgage Trust 2007-C2 Commercial Mortgage Pass-Through Certificates, Series 2007-C2 (the "COBALT 2007-C2 Trust" and, with the C30 Trust and the C31 Trust, the "YM Trusts"); the ML-CFC Commercial Mortgage Trust 2007-5 Commercial Mortgage Pass-Through Certificates,

Series 2007-5 (the "ML-CFC 2007-5 Trust"); and the ML-CFC Commercial Mortgage Trust 2007-6 Commercial Mortgage Pass-Through Certificates, Series 2007-6 (the "ML-CFC 2007-6 Trust" and, with the ML-CFC 2007-5 Trust and the YM Trusts, the "Trusts") with respect to the proper allocation of certain proceeds (the "Disputed Funds") from the December 2015 sale of Peter Cooper Village and Stuyvesant Town (collectively, "Stuy Town"), an REO Property that was held by the Trusts;[1]

WHEREAS, on December 18, 2015, the MN State Court entered an Order scheduling an initial hearing on the Petition and directing the Trustee to provide notice of the Petition and the hearing to the holders and beneficial owners of the certificates issued by the Trusts (together, the "Certificates"), each of the parties to the PSAs and other interested parties pursuant to a notice program described in the Order (the "Notice Program");

WHEREAS, on January 4, 2016 and February 5, 2016, the Trustee filed affidavits confirming compliance with the Notice Program;

WHEREAS, the following interested parties appeared and participated in this proceeding: (i) CWCapital Asset Management LLC ("CWC"), the Special Servicer for the Stuy Town property under the operative agreements; (ii) the Federal Home Loan Mortgage Corporation ("Freddie Mac"), a beneficial owner of certain Certificates issued by the Trusts; (iii) the Federal National Mortgage Association ("Fannie Mae," and together with Freddie Mac, the "GSEs"), a beneficial owner of certain Certificates issued by the Trusts; and (iv) Appaloosa Investments L.P. I. and Palomino Master Ltd. (collectively "Appaloosa"), beneficial owners of certain Certificates issued by the Trusts;

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Petition.

WHEREAS, on February 24, 2016, CWC moved to dismiss the Petition on jurisdictional, mootness, and *forum non conveniens* grounds, which motion the MN State Court denied;

WHEREAS, on July 22, 2016, Freddie Mac removed this case to the United States District Court for the District of Minnesota and thereafter moved to transfer the case to the United States District Court for the Southern District of New York;

WHEREAS, on March 14, 2017, United States District Judge Donovan W. Frank granted Freddie Mac's motion to transfer the case to the United States District Court for the Southern District of New York;

WHEREAS, on March 9, 2018, the Court entered an Opinion and Order (the "March 9, 2018 Opinion and Order") denying Appaloosa's, CWC's, and the GSEs' cross-motions for judgment on the pleadings;

WHEREAS, on June 7, 2019, CWC and the GSEs filed motions for summary judgment concerning how the Disputed Funds should be allocated and whether the Disputed Funds were properly calculated, and Appaloosa filed a motion for partial summary judgment concerning the calculation of a portion of the Disputed Funds; and

WHEREAS, on March 19, 2020, the Court entered an Opinion and Order (the "March 19, 2020 Opinion and Order"), *inter alia*, granting CWC's and the GSEs' motions for summary judgment and denying Appaloosa's motion for partial summary judgment.

NOW, THEREFORE, the Court having considered all of the issues raised in the Trustee's Petition and all objections thereto, it is hereby ORDERED that, for the reasons set forth in the March 19, 2020 Opinion and Order:

1.      The Trustee, CWC, the holders and beneficial owners of the Certificates issued by the Trusts, each of the parties to the PSAs and any other interested parties are hereby instructed

that the proper allocation of the Disputed Funds is as follows: (i) CWC is entitled to retain

$614,424,024.57 in Penalty Interest and (ii) the $104,413,116.71 of escrowed Stuy Town sale

proceeds (the "Escrowed Funds") constitutes Yield Maintenance (as defined in the March 19,

2020 Opinion and Order) distributable in accordance with the PSAs for the YM Trusts (together,

the "YM PSAs") to holders and beneficial owners of Certificates of the YM Trusts (the "YM

Certificates") as of December 31, 2015 (the "Record Date"), including the YM Certificates

bearing the CUSIP numbers 19075CAE3, 92978QAF4, and 92978TAG6 beneficially owned on

the Record Date by the GSEs.

2.      The relevant parties (and, to the extent applicable, their agents) to the YM PSAs

are authorized to (i) release the $104,413,116.71 of currently escrowed Yield Maintenance from

escrow; (ii) allocate such amount to the three YM Trusts, with (a) $78,398,927 to the C30 Trust,

(b) $12,947,702 to the C31 Trust, and (c) $13,066,488 to the COBALT 2007-C2 Trust, and

(iii) take any and all reasonable steps in connection therewith.

3.      Within 30 days of receipt of such amounts for each YM Trust, the relevant parties

to each YM PSA (and, to the extent applicable their agents) shall take all necessary and

reasonable steps to distribute, in accordance with the respective PSA for each YM Trust, such

allocated Yield Maintenance as follows:

> a. the relevant parties to the C30 Trust PSA shall, in accordance with the
>
> terms of the C30 Trust PSA, distribute $78,398,927 of the Escrowed
>
> Funds to registered holders of the C30 Trust YM Certificates as of the
>
> Record Date, including to The Depository Trust Company ("DTC") as
>
> registered holder on the Record Date of CUSIP 92978QAF4, CUSIP
>
> 92978QBZ9 and CUSIP 92978QBX4.  With respect to the distribution

paid to DTC, Wells Fargo Bank, N.A., as Paying Agent of the C30 Trust, shall instruct DTC to allocate the distribution among the DTC Participants that held C30 Trust YM Certificates, including CUSIP 92978QAF4, CUSIP 92978QBZ9 and CUSIP 92978QBX4, on the Record Date as interest, at the rate provided by the Paying Agent of the C30 Trust, in accordance with DTC rules and procedures;

b. the relevant parties to the C31 Trust PSA shall, in accordance with the terms of the C31 Trust PSA, distribute $12,947,702 of the Escrowed Funds to registered holders of the C31 Trust YM Certificates as of the Record Date, including to DTC as registered holder on the Record Date of CUSIP 92978TAG6 and CUSIP 92978TBU4. With respect to the distribution paid to DTC, Wells Fargo Bank, N.A., as Paying Agent of the C31 Trust, shall instruct DTC to allocate the distribution among the DTC Participants that held YM Certificates, including CUSIP 92978TAG6 and CUSIP 92978TBU4, on the Record Date as interest, at the rate provided by the Paying Agent of the C31 Trust, in accordance with DTC rules and procedures; and

c. the relevant parties to the COBALT 2007-C2 Trust PSA shall, in accordance with the terms of the COBALT 2007-C2 Trust PSA, distribute $13,066,488 of the Escrowed Funds to registered holders of the COBALT 2007-C2 Trust YM Certificates as of the Record Date, including to DTC as registered holder on the Record Date of CUSIP 19075CAE3 and CUSIP 19075CBE2. With respect to the distribution paid to DTC, Wells

Fargo Bank, N.A., as Paying Agent of the COBALT 2007-C2 Trust, shall instruct DTC to allocate the distribution among the DTC Participants that held COBALT 2007-C2 Trust YM Certificates, including CUSIP 19075CAE3 and CUSIP 19075CBE2, on the Record Date as interest, at the rate provided by the Paying Agent of the COBALT 2007-C2 Trust, in accordance with DTC rules and procedures.

Simultaneous with its delivery to DTC of the paying instruction referenced in paragraphs "a," "b," and "c" above, Wells Fargo Bank, N.A., as Paying Agent for the YM Trusts, through its counsel shall provide notice via electronic mail to counsel for each of the GSEs herein that the Paying Agent has delivered to DTC the payment instructions described in in paragraphs "a," "b," and "c" above.

4.      Any actions taken (or omissions made) by the Trustee, Wells Fargo Bank, N.A., as Paying Agent of the YM Trusts, CWC or the other parties to the PSAs in accordance with this Order shall be deemed to comply with all applicable duties under, and be fully authorized and protected by, the PSAs and any other document governing the administration of the Trusts. Because neither Wells Fargo Bank, N.A., as Paying Agent for the YM Trusts, nor the other parties to the YM PSAs have any ability or responsibility under the YM PSAs to ensure that DTC complies with this Order, neither Wells Fargo Bank, N.A., as Paying Agent for the YM Trusts, nor the other parties to the YM PSAs shall have any liability for any actions taken or any failure to act by DTC.

5.      The holders and beneficial owners of the Certificates issued by the Trusts, each of the parties to the PSAs and any other interested parties are barred from asserting claims against the Trustee, Wells Fargo Bank, N.A., as Paying Agent of the YM Trusts, CWC or the other

parties to the PSAs in respect of the issues addressed in the March 19, 2020 Opinion and Order or any acts or omissions in accordance with this Order—including, without limitation, distributing the Escrowed Funds in accordance with this Order.

6. Neither the Trustee nor the Trusts shall be subject to the continuing supervision of the Court.

7. This Order is final as to all matters determined by it and binding on the Trusts, the Trustee, Wells Fargo Bank, N.A., as Paying Agent of the YM Trusts, CWC, all other parties involved in the administration of the Trusts, all persons or entities claiming any legal or beneficial interest in the Trusts (including, without limitation, the holders and beneficial owners of the Certificates issued by the Trusts) and any other interested parties.

8. The Clerk of the Court is directed to enter judgment in accordance with this Order and the March 19, 2020 Opinion and Order and to close this case.

**SO ORDERED:**

Dated: New York, New York
     April 29  , 2020

KATHERINE POLK FAILLA
United States District Judge