**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
In the Matter of the Trusts established under the
Pooling and Servicing Agreements relating to the
Wachovia Bank Commercial Mortgage Trust
Commercial Mortgage Pass-Through Certificates,
Series 2007-C30; COBALT CMBS Commercial      17 **CIVIL** 1998 (KPF)
Mortgage Trust 2007-C2 Commercial Mortgage
Pass-Through Certificates, Series 2007-C2;   **JUDGMENT**
Wachovia Bank Commercial Mortgage Trust
Commercial Mortgage Pass-Through Certificates,
Series 2007-C31; ML-CFC Commercial Mortgage
Trust 2007-5 Commercial Mortgage Pass-Through
Certificates, Series 2007-5; and ML-CFC
Commercial Mortgage Trust 2007-6 Commercial
Mortgage Pass-Through Certificates, Series 2007-6
------------------------------------------------------------X

    It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion and Order dated March 19, 2020 and Order Issuing Judicial Instructions dated April 19, 2020, CWC's motion for summary judgment is GRANTED; the GSEs' motion for summary judgment is GRANTED; Appaloosa's motion for partial summary judgment is DENIED; CWC's and the GSEs' motions to exclude are DENIED as moot; and Appaloosa's motion to exclude is DENIED insofar as the Court considered it in the Opinion and Order dated March 19, 2020; accordingly, the Court orders as follows:

1. The Trustee, CWC, the holders and beneficial owners of the Certificates issued by the Trusts, each of the parties to the PSAs and any other interested parties are hereby instructed that the proper allocation of the Disputed Funds is as follows:  (i) CWC is entitled to retain $614,424,024.57 in Penalty Interest and (ii) the $104,413,116.71 of escrowed Stuy Town sale proceeds (the "Escrowed Funds") constitutes Yield Maintenance (as defined in the March 19, 2020 Opinion and Order) distributable in accordance with the PSAs for the YM Trusts (together, the "YM PSAs") to holders and

1

beneficial owners of Certificates of the YM Trusts (the "YM Certificates") as of December 31, 2015 (the "Record Date"), including the YM Certificates bearing the CUSIP numbers 19075CAE3, 92978QAF4, and 92978TAG6 beneficially owned on the Record Date by the GSEs.

2. The relevant parties (and, to the extent applicable, their agents) to the YM PSAs are authorized to (i) release the $104,413,116.71 of currently escrowed Yield Maintenance from escrow; (ii) allocate such amount to the three YM Trusts, with (a) $78,398,927 to the C30 Trust, (b) $12,947,702 to the C31 Trust, and (c) $13,066,488 to the COBALT 2007-C2 Trust, and (iii) take any and all reasonable steps in connection therewith.

3. Within 30 days of receipt of such amounts for each YM Trust, the relevant Parties to each YM PSA (and, to the extent applicable their agents) shall take all necessary and reasonable steps to distribute, in accordance with the respective PSA for each YM Trust, such allocated Yield Maintenance as follows:

    a. the relevant parties to the C30 Trust PSA shall, in accordance with the terms of the C30 Trust PSA, distribute $78,398,927 of the Escrowed Funds to registered holders of the C30 Trust YM Certificates as of the Record Date, including to The Depository Trust Company ("DTC") as registered holder on the Record Date of CUSIP 92978QAF4, CUSIP 92978QBZ9 and CUSIP 92978QBX4. With respect to the distribution paid to DTC, Wells Fargo Bank, N.A., as Paying Agent of the C30 Trust, shall instruct DTC to allocate the distribution among the DTC Participants that held C30 Trust YM Certificates, including CUSIP 92978QAF4, CUSIP 92978QBZ9 and CUSIP 92978QBX4, on the Record Date as interest, at the rate provided by the Paying Agent of the C30 Trust, in accordance with DTC rules and procedures;

b. the relevant parties to the C31 Trust PSA shall, in accordance with the terms of the C31 Trust PSA, distribute $12,947,702 of the Escrowed Funds to registered holders of the C31 Trust YM Certificates as of the Record Date, including to DTC as registered holder on the Record Date of CUSIP 92978TAG6 and CUSIP 92978TBU4. With respect to the distribution paid to DTC, Wells Fargo Bank, N.A., as Paying Agent of the C31 Trust, shall instruct DTC to allocate the distribution among the DTC Participants that held YM Certificates, including CUSIP 92978TAG6 and CUSIP 92978TBU4, on the Record Date as interest, at the rate provided by the Paying Agent of the C31 Trust, in accordance with DTC rules and procedures; and

c. the relevant parties to the COBALT 2007-C2 Trust PSA shall, in accordance with the terms of the COBALT 2007-C2 Trust PSA, distribute $13,066,488 of the Escrowed Funds to registered holders of the COBALT 2007-C2 Trust YM Certificates as of the Record Date, including to DTC as registered holder on the Record Date of CUSIP 19075CAE3 and CUSIP 19075CBE2. With respect to the distribution paid to DTC, Wells Fargo Bank, N.A., as Paying Agent of the COBALT 2007-C2 Trust, shall instruct DTC to allocate the distribution among the DTC Participants that held COBALT 2007-C2 Trust YM Certificates, including CUSIP 19075CAE3 and CUSIP 19075CBE2, on the Record Date as interest, at the rate provided by the Paying Agent of the COBALT 2007-C2 Trust, in accordance with DTC rules and procedures.

Simultaneous with its delivery to DTC of the paying instruction referenced in paragraphs "a," "b," and "c" above, Wells Fargo Bank, N.A., as Paying Agent for the YM Trusts, through its counsel shall provide notice via electronic mail to counsel for each of the GSEs herein that the Paying Agent has delivered to DTC the payment instructions described in in paragraphs "a," "b," and "c" above.

4. Any actions taken (or omissions made) by the Trustee, Wells Fargo Bank, N.A. as Paying Agent of the YM Trusts, CWC or the other parties to the PSAs in accordance with this Order shall be deemed to comply with all applicable duties under, and be fully authorized and protected by, the PSAs and any other document governing the administration of the Trusts. Because neither Wells Fargo Bank, N.A., as Paying Agent for the YM Trusts, nor the other parties to the YM PSAs have any ability or responsibility under the YM PSAs to ensure that DTC complies with this Order, neither Wells Fargo Bank, N.A., as Paying Agent for the YM Trusts, nor the other parties to the YM PSAs shall have any liability for any actions taken or any failure to act by DTC.

5. The holders and beneficial owners of the Certificates issued by the Trusts, each of the parties to the PSAs and any other interested parties are barred from asserting claims against the Trustee, Wells Fargo Bank, N.A., as Paying Agent of the YM Trusts, CWC or the other parties to the PSAs in respect of the issues addressed in the March 19, 2020 Opinion and Order or any acts or omissions in accordance with this Order—including, without limitation, distributing the Escrowed Funds in accordance with this Order.

6. Neither the Trustee nor the Trusts shall be subject to the continuing supervision of the Court.

7. This Order is final as to all matters determined by it and binding on the Trusts, the Trustee, Wells Fargo Bank, N.A., as Paying Agent of the YM Trusts, CWC, all other parties involved in the administration of the Trusts, all persons or entities claiming any legal or beneficial interest in the Trusts (including, without limitation, the holders and beneficial owners of the Certificates issued by the Trusts) and any other interested parties.

**Dated:**  New York, New York
April 30, 2020

**RUBY J. KRAJICK**
_____
**Clerk of Court**

**BY:** *David J. Thomas*
**Deputy Clerk**