UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Trusts Established under the Pooling and Servicing Agreements relating to the Wachovia Bank Commercial Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2007-C30; COBALT CMBS Commercial Mortgage Trust 2007-C2 Commercial Mortgage Pass-Through Certificates, Series 2007-C2; Wachovia Bank Commercial Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2007-C31; ML-CFC Commercial Mortgage Trust 2007-5 Commercial Mortgage Pass-Through Certificates, Series 2007-5; and ML-CFC Commercial Mortgage Trust 2007-6 Commercial Mortgage Pass-Through Certificates, Series 2007-6 | No. 17-cv-1998-KPF<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

WHEREAS, on December 17, 2015, the Trustee filed a petition (the "Petition") in the District Court for the Second Judicial District of Minnesota (the "MN State Court"), seeking instructions concerning competing interpretations of the PSAs that were offered by CWCapital Asset Management LLC ("CWC"), as then-Special Servicer for certain of the Trusts, and Appaloosa Investment L.P. I and Palomino Master Ltd. (collectively, "Appaloosa"), beneficial owners of certain Certificates issued by the Trusts, with respect to the proper allocation of certain proceeds (the "Disputed Funds") from the December 2015 sale of Peter Cooper Village and Stuyvesant Town (collectively, "Stuy Town"), an REO property that was held by the Trusts;[1]

WHEREAS, on December 18, 2015, the MN State Court entered an Order directing the Trustee to provide notice of the Petition to, *inter alia*, the holders and beneficial owners of the

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Petition.

certificates issued by the Trusts (together, the "Certificates") pursuant to a notice program described in the Order (the "Initial Notice Program");

WHEREAS, on January 4, 2016 and February 5, 2016, the Trustee filed affidavits confirming compliance with the Initial Notice Program;

WHEREAS, this case was removed to the United States District Court for the District of Minnesota and thereafter transferred to this Court;

WHEREAS, on April 30, 2020, this Court entered judgment ("April 2020 Judgment") that, among other things, instructed the Trustee, CWC, the holders and beneficial owners of the Certificates issued by the Trusts, each of the parties to the PSAs and any other interested parties as to the proper allocation of the Disputed Funds;

WHEREAS, Appaloosa filed an appeal from the April 2020 Judgment to the United States Court of Appeals for the Second Circuit;

WHEREAS, on July 14, 2022, the United States Court of Appeals for the Second Circuit issued a Summary Order affirming in part and reversing in part the April 2020 Judgment and remanding the case back to this Court for further proceedings to make factual determinations about the payment of "Interest on Advances";

WHEREAS, on November 14, 2022, Appaloosa and CWC informed this Court that they had "reached an agreement in principle concerning the amount of Interest on Advances to be reimbursed to the CMBS Trusts," and that Appaloosa intended to file a motion for an award of attorneys' fees; and

WHEREAS, on December 5, 2022, this Court approved the following schedule (the "Schedule"): (i) December 9, 2022: Deadline for the Trustee to submit a proposed order specifying the form and method of dissemination for the notice to be provided to the Trusts' Certificateholders

of: (a) the settlement between CWC and Appaloosa (the "Proposed Settlement"), (b) Appaloosa's anticipated motion seeking attorney's fees ("Appaloosa's Motion for Attorneys' Fees"), and (c) the opportunity to be heard prior to the entry of a final judgment and any decision on Appaloosa's anticipated motion; (ii) December 23, 2022: Deadline for Appaloosa to file any motion seeking attorneys' fees; (iii) Later of: (a) Two Business Days After Approval of Proposed Order or (b) December 30, 2022: Deadline for the Trustee to disseminate the specified notice to Certificateholders and to file with the Court a copy of the notice and proof of the notice's dissemination; (iv) 28 Days After Trustee Sends Notice: Deadline for any party in interest to submit memoranda of law objecting to the settlement or opposing Appaloosa's Motion for Attorneys' Fees; (v) 40 Days After Trustee Sends Notice: Deadline for CWC, Appaloosa, or the Trustee to submit any reply in further support of the settlement or Appaloosa's Motion for Attorneys' Fees; and (vi) March 16, 2023, at 3:30 p.m.: Hearing in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York on the settlement and Appaloosa's motion seeking attorney's fees (the "Hearing").

WHEREAS, on December 9, 2022, the Trustee submitted this proposed order specifying the form and method of dissemination for the notice to be provided to the Trusts' Certificateholders of: (i) the Proposed Settlement; (ii) Appaloosa's Motion for Attorneys' Fees; (iii) the Schedule providing an opportunity to be heard prior to the entry of a final judgment and any decision on Appaloosa's Motion for Attorneys' Fees; and (iv) the Hearing.

NOW, THEREFORE, it is hereby ORDERED that:

1.   On or before the later of: (a) two business days after the entry of this Order or (b) December 30, 2022, the Trustee shall cause notice of the Proposed Settlement, Appaloosa's Motion for Attorneys' Fees, the Schedule and the Hearing to be provided in the following manner:

   (i) by causing the mailing of the notice in the form attached hereto as <u>Exhibit A</u>, along with copies of the proposed agreement between CWC and Appaloosa memorializing the Proposed Settlement, Appaloosa' Motion for Attorneys' Fees, and the Order approving the Schedule (collectively, the "<u>Notice</u>") to all registered holders of the Certificates at the address of such holders as shown in the Certificate register;

   (ii) by causing the publication of the Notice one time in a legal newspaper in Ramsey County, Minnesota;

   (iii) with respect to the Certificates held through the Depository Trust Company, by causing the electronic transmission of the Notice to The Depository Trust Company, which will post the Notice in accordance with its established procedures; and

   (iv) by causing the posting of the Notice on any applicable investor reporting website maintained by the Trustee or another Trust administrator (collectively, the "<u>Notice Program</u>").

  2. Within seven days of completing the steps above, the Trustee shall file with the Court an affidavit certifying the Trustee's compliance with the Notice Program.

  3. The Notice Program is approved, is reasonably calculated to put interested parties on notice of the Schedule, the Proposed Settlement, Appaloosa's Motion for Attorneys' Fees and the Hearing, and constitutes sufficient notice thereof.

  SO ORDERED.

Date: December 12, 2022  
   New York, New York

            KATHERINE POLK FAILLA  
            United States District Judge