UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Trusts Established under the Pooling and Servicing Agreements relating to the Wachovia Bank Commercial Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2007-C30; COBALT CMBS Commercial Mortgage Trust 2007-C2 Commercial Mortgage Pass-Through Certificates, Series 2007-C2; Wachovia Bank Commercial Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2007-C31; ML-CFC Commercial Mortgage Trust 2007-5 Commercial Mortgage Pass-Through Certificates, Series 2007-5; and ML-CFC Commercial Mortgage Trust 2007-6 Commercial Mortgage Pass-Through Certificates, Series 2007-6 | No. 17-cv-1998-KPF<br><br>POST-REMAND ORDER ISSUING JUDICIAL INSTRUCTIONS |

KATHERINE POLK FAILLA, District Judge:

WHEREAS, on December 17, 2015, Petitioner U.S. Bank National Association, as trustee (the "Trustee"), filed a petition (the "Petition") in the District Court for the Second Judicial District of Minnesota (the "MN State Court"), seeking judicial instructions concerning the proper interpretation and construction of certain provisions of the PSAs for the Trusts with respect to the proper allocation of certain proceeds (the "Disputed Funds") from the December 2015 sale of Peter Cooper Village and Stuyvesant Town (collectively, "Stuy Town"), an REO property that was held by the Trusts;[1]

WHEREAS, on December 18, 2015, the MN State Court entered an Order directing the Trustee to provide notice of the Petition to, *inter alia*, the holders and beneficial owners of the

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Petition.

certificates issued by the Trusts (together, the "Certificates") pursuant to a notice program described in the Order (the "Initial Notice Program");

WHEREAS, on January 4, 2016 and February 5, 2016, the Trustee filed affidavits confirming compliance with the Initial Notice Program;

WHEREAS, the following interested parties appeared and participated in this proceeding: (i) CWCapital Asset Management LLC ("CWC"), the then-Special Servicer for certain of the Trusts; (ii) the Federal Home Loan Mortgage Corporation ("Freddie Mac"), a beneficial owner of certain Certificates issued by the Trusts; (iii) the Federal National Mortgage Association ("Fannie Mae," and together with Freddie Mac, the "GSEs"), a beneficial owner of certain Certificates issued by the Trusts; and (iv) Appaloosa Investment L.P. I and Palomino Master Ltd. (collectively, "Appaloosa"), beneficial owners of certain Certificates issued by the Trusts;

WHEREAS, this case was removed to the United States District Court for the District of Minnesota and thereafter transferred to this Court;

WHEREAS, on March 19, 2020, this Court entered an Opinion and Order (the "March 2020 Decision"), *inter alia*, granting CWC's and GSEs' motions for summary judgment and denying Appaloosa's motion for partial summary judgment;

WHEREAS, following entry of the March 2020 Decision, the Court entered an Order Issuing Judicial Instructions on April 29, 2020 (the "April 2020 Order") and a Judgment on April 30, 2020 ("April 2020 Judgment") that, among other things, instructed the Trustee, CWC, the holders and beneficial owners of the Certificates issued by the Trusts, each of the parties to the PSAs and any other interested parties as to the proper allocation of the Disputed Funds;

WHEREAS, Appaloosa filed an appeal from the April 2020 Judgment to the United States Court of Appeals for the Second Circuit;

WHEREAS, on July 14, 2022, the United States Court of Appeals for the Second Circuit (the "Court of Appeals") issued a Summary Order (the "July 2022 Summary Order"), which in relevant part reversed the denial of Appaloosa's motion for partial summary judgment and the portion of the Court's order granting CWC summary judgment with respect to the proper manner of payment of Interest on Advances;

WHEREAS, the Court of Appeals interpreted the definition of "REO Loan" and Section 3.05(a) of the pooling and servicing agreement governing the C30 Trust (the "C30 PSA") in a manner that led it to conclude that pursuant to Section 3.05(a) "any portion of the $67.2 million attributable to Interest on Advances accruing *after* June 3, 2014 must be paid out of Gain-on-Sale Proceeds from the sale of Stuy Town; [while] any portion attributable to Interest on Advances accruing *on or before* June 3, 2014 must be paid out of late payment charges and Penalty Interest" (July 2022 Summary Order at 11);

WHEREAS, the Court of Appeals remanded to this Court to determine pursuant to Section 3.05(a) which respective portions of the $67.2 million in Interest on Advances accrued on or before June 3, 2014 and after June 3, 2014;

WHEREAS, in order to avoid protracted litigation and associated costs and expenses, Appaloosa and CWC entered into a Settlement Agreement in which they agreed to stipulate that the amount of Interest on Advances that accrued on or before June 3, 2014 is $27.5 million (the "Settlement Agreement"); and

WHEREAS, on December 5, 2022, this Court approved the following schedule (the "Schedule"): (i) December 9, 2022: Deadline for the Trustee to submit a proposed order specifying the form and method of dissemination for the notice to be provided to the Trusts' Certificateholders (the "Notice Program") of: (a) the settlement between CWC and Appaloosa, (b) Appaloosa's

anticipated motion seeking attorneys' fees ("Appaloosa's Motion for Attorneys' Fees"), and (c) the opportunity to be heard prior to the entry of a final judgment and any decision on Appaloosa's anticipated motion; (ii) December 23, 2022: Deadline for Appaloosa to file any motion seeking attorneys' fees; (iii) Later of: (a) Two Business Days After Approval of Proposed Order or (b) December 30, 2022: Deadline for the Trustee to disseminate the specified notice to Certificateholders and to file with the Court a copy of the notice and proof of the notice's dissemination; (iv) 28 Days After Trustee Sends Notice: Deadline for any party in interest to submit memoranda of law objecting to the settlement or opposing Appaloosa's Motion for Attorneys' Fees; (v) 40 Days After Trustee Sends Notice: Deadline for CWC, Appaloosa, or the Trustee to submit any reply in further support of the settlement or Appaloosa's Motion for Attorneys' Fees; and (vi) March 16, 2023, at 3:30 p.m.: Hearing in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York on the settlement and Appaloosa's Motion for Attorneys' Fees (the "Hearing");

WHEREAS, on December 12, 2022, the Court approved the Trustee's proposed Notice Program;

WHEREAS, on December 23, 2022, Appaloosa filed Appaloosa's Motion for Attorneys' Fees;

WHEREAS, on December 28, 2022, the Court extended the Trustee's deadline to comply with the Notice Program from December 30, 2022 until January 13, 2023, and extended the remaining deadlines accordingly;

WHEREAS, on January 20, 2023, the Trustee filed an affidavit certifying the Trustee's compliance with the Notice Program;

WHEREAS, the notice disseminated by the Trustee pursuant to the Notice Program: (i) described (a) the amount of the settlement payment to be paid by CWC (the "Settlement Payment") to the Trusts, and (b) Appaloosa's proposed allocation of the Settlement Payment among the Trusts and their Certificateholders ("Appaloosa's Proposed Allocation"); and (ii) attached a Proposed Post-Remand Order Issuing Judicial Instructions describing Appaloosa's Proposed Allocation of the Settlement Payment;

WHEREAS, on February 10, 2023, CWCapital Cobalt Vr Ltd. ("Cobalt") submitted a memorandum of law objecting to Appaloosa's Proposed Allocation and opposing Appaloosa's Motion for Attorneys' Fees;

WHEREAS, on February 22, 2023, Appaloosa submitted a memorandum of law responding to Cobalt's objection to Appaloosa's Proposed Allocation and replying in further support of Appaloosa's Motion for Attorneys' Fees;

WHEREAS, on March 7, 2023, Cobalt submitted a supplemental brief in further support of its objection to Appaloosa's Proposed Allocation;

WHEREAS, on March 9, 2023, DW Partners, LP submitted a letter in support of Appaloosa's Proposed Allocation;

WHEREAS, on March 15, 2023, the Court adjourned the Hearing until May 5, 2023;

WHEREAS, on May 5, 2023, the Court held the Hearing and heard argument on whether the Court should: (i) approve the Settlement Agreement; (ii) approve Appaloosa's Proposed Allocation; and (iii) grant Appaloosa's Motion for Attorneys' Fees;

WHEREAS, on September 22, 2023, the Court issued an order stating that "[a]ny party wishing to be heard on the legal standards pursuant to which the Court should evaluate the

proposed settlement – including the proposed allocation of the settlement fund – is directed to submit a supplemental letter brief on or before October 13, 2023";

WHEREAS, on October 13, 2023, Appaloosa and Cobalt submitted letter briefs pursuant to the Court's September 22, 2023 order;

WHEREAS, on March 5, 2024, the Court issued an Opinion and Order (the "March 2024 Decision") in which the Court:  (i) approved the Settlement Agreement; (ii) approved Appaloosa's Proposed Allocation; and (iii) granted in part Appaloosa's Motion for Attorneys' Fees;

NOW, THEREFORE, the Court having considered all of the issues raised in the Settlement Agreement, Appaloosa's Proposed Allocation, and Appaloosa's Motion for Attorneys' Fees and all objections thereto, it is hereby ORDERED that:

1. The Settlement Agreement is APPROVED.

2. Appaloosa's Proposed Allocation is APPROVED.

3. Appaloosa's Motion for Attorneys' Fees is GRANTED IN PART.

4. Within 20 days of this Order being entered, CWC shall pay the sum of $27,500,000.00 (the "Settlement Payment") to an escrow agent (the "Escrow Agent"), which may be U.S. Bank National Association or another nationally recognized financial institution acceptable to Appaloosa and CWC, to hold the Settlement Payment in an escrow account subject to a reasonable escrow agreement (the "Escrow Agreement") and appropriate compensation for the Escrow Agent to be agreed upon by the Escrow Agent, Appaloosa, and CWC, until this Order becomes final and non-appealable.

5. Within 30 days of this Order becoming final and non-appealable, pursuant to the terms of the Escrow Agreement, the Escrow Agent shall distribute the Settlement Payment, net of any compensation paid to the Escrow Agent (the "Net Settlement Payment"), as follows:

    (i) $7,073,994.14 to Appaloosa as reimbursement for attorneys' fees and expenses incurred by Appaloosa in connection with this proceeding (the "Appaloosa Fee and Expense Award");

    (ii) 50% of the Net Settlement Payment, net of the Appaloosa Fee and Expense Award (the "Trust Settlement Payment"), to Computershare Trust Company, N.A. ("Computershare Trust Company"), as agent for Wells Fargo Bank, N.A. ("Wells Fargo"), as Paying Agent for the Wachovia Bank Commercial Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2007-C30;

    (iii) 8.33% of the Trust Settlement Payment to Computershare Trust Company, as agent for Wells Fargo, as Trustee Agent for the COBALT CMBS Commercial Mortgage Trust 2007-C2 Commercial Mortgage Pass-Through Certificates, Series 2007-C2;

    (iv) 8.26% of the Trust Settlement Payment to Computershare Trust Company, as agent for Wells Fargo, as Paying Agent for the Wachovia Bank Commercial Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2007-C31;

    (v) 26.67% of the Trust Settlement Payment to Computershare Trust Company, as agent for Wells Fargo, as Certificate Administrator for the ML-CFC Commercial Mortgage Trust 2007-5 Commercial Mortgage Pass-Through Certificates, Series 2007-5; and

    (vi) 6.74% of the Trust Settlement Payment to U.S. Bank National Association, as Trustee for the ML-CFC Commercial Mortgage Trust 2007-6 Commercial Mortgage Pass-Through Certificates, Series 2007-6.

  6. The related Trustee, Paying Agent, Trustee Agent, and/or Certificate Administrator (and, to the extent applicable, their agents) are instructed to (a) characterize each Trust's portion of the Trust Settlement Payment as payments on account of principal, and (b) take all necessary and reasonable steps to distribute the Trust Settlement Payment, net of reasonable attorneys' fees and expenses related to the settlement and distribution of the Trust Settlement Payment and any other reasonable fees and expenses reimbursable from the Trusts of the related Trustee, Paying Agent, Trustee Agent, and/or Certificate Administrator, and to the extent applicable, their agents (the "Net Trust Settlement Payment"), in accordance with the PSA for each Trust, to registered Certificateholders of the Trusts as of the related record date for the first related distribution date for each Trust after receipt of the Trust Settlement Payment; provided, however that if the related

Trustee, Paying Agent, Trustee Agent, and/or Certificate Administrator (and, to the extent applicable, their agents) receive the Trust Settlement Payment after the determination date related to such first distribution date (as such terms are defined in the applicable agreements), such parties shall distribute the funds on the next occurring distribution date.  To the extent that any Trust has terminated before the distribution of the Net Trust Settlement Payment, the Net Trust Settlement Payment will be distributed as of the last record date before the termination of such Trust.

7. Any actions taken (or omissions made) by the Trustee, Wells Fargo (or Computershare Trust Company as agent for Wells Fargo), CWC, the other parties to the PSAs, or the Escrow Agent, including through their agents, if applicable, in accordance with this Order shall be deemed to comply with all applicable duties under, and be fully authorized and protected by, the PSAs and any other document governing the administration of the Trusts.  Because neither the Trustee, Master Servicer, Special Servicer, nor Wells Fargo as Trustee Agent, Paying Agent, or Certificate Administrator, as applicable (or Computershare Trust Company, acting as agent for Wells Fargo in such capacities), nor the other parties to the PSAs for the Trusts, nor the Escrow Agent, have any ability or responsibility under the PSAs to ensure that the DTC complies with this Order, neither the Trustee, Master Servicer, Special Servicer, nor Wells Fargo as Trustee Agent, Paying Agent, or Certificate Administrator, as applicable (or Computershare Trust Company acting as agent for Wells Fargo in such capacities), nor the other parties to the PSAs for the Trusts, nor the Escrow Agent, shall have any liability for any actions taken by the DTC or any failure to act by the DTC.

8. The holders and beneficial owners of the Certificates issued by the Trusts, each of the parties to the PSAs and any other interested parties are barred from asserting claims against the Trustee, Wells Fargo (or Computershare Trust Company acting as agent for Wells Fargo),

CWC, the other parties to the PSAs, Appaloosa, or the Escrow Agent, including their agents, if applicable, arising from the issues addressed in the March 2020 Decision, the July 2022 Summary Order, and/or the March 2024 Decision, or from any acts or omissions taken in accordance with the April 2020 Order, the April 2020 Judgment, and/or this Order.

9. The April 2020 Order and the April 2020 Judgment remain in full force and effect except to the extent inconsistent with (and hence superseded by) the terms of this Order and the March 2024 Decision.

10. Neither the Trustee, nor the Trusts shall be subject to the continuing supervision of the Court, except that the Court shall have the authority to enforce compliance with the terms of this Order.

11. This Order is final as to all matters determined by it and binding on the Trusts, the Trustee, Wells Fargo (and Computershare Trust Company as agent for Wells Fargo), CWC, all other parties involved in the administration of the Trusts, including their agents, if applicable, all persons or entities claiming any legal or beneficial interest in the Trusts (including, without limitation, the past, present, and future holders and beneficial owners of the Certificates issued by the Trusts) and any other interested parties, and all of their successors, agents, or assigns.

12. The Clerk of the Court is directed to enter judgment in accordance with this Order, terminate all pending motions, adjourn all remaining conferences, and close this case.

SO ORDERED.

Date: April 8, 2024
      New York, New York

                                        KATHERINE POLK FAILLA
                                        United States District Judge