UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

In the Matter of the Trusts Established under the Pooling and Servicing Agreements relating to the Wachovia Bank Commercial Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2007-C30; COBALT CMBS Commercial Mortgage Trust 2007-C2 Commercial Mortgage Pass-Through Certificates, Series 2007-C2; Wachovia Bank Commercial Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2007-C31; ML-CFC Commercial Mortgage Trust 2007-5 Commercial Mortgage Pass-Through Certificates, Series 2007-5; and MLCFC Commercial Mortgage Trust 2007-6 Commercial Mortgage Pass-Through Certificates, Series 2007-6

17 **CIVIL** 1998 (KPF)

## **JUDGMENT**

------------------------------------------------------------------X

It is, **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Order dated April 8, 2024, the Court having considered all of the issues raised in the Settlement Agreement, Appaloosa's Proposed Allocation, and Appaloosa's Motion for Attorneys' Fees and all objections thereto, it is hereby ORDERED that: 1. The Settlement Agreement is APPROVED. 2. Appaloosa's Proposed Allocation is APPROVED. 3. Appaloosa's Motion for Attorneys' Fees is GRANTED IN PART. 4. Within 20 days of the Order being entered, CWC shall pay the sum of $27,500,000.00 (the "Settlement Payment") to an escrow agent (the "Escrow Agent"), which may be U.S. Bank National Association or another nationally recognized financial institution acceptable to Appaloosa and CWC, to hold the Settlement Payment in an escrow account subject to a reasonable escrow agreement (the "Escrow

Agreement") and appropriate compensation for the Escrow Agent to be agreed upon by the Escrow Agent, Appaloosa, and CWC, until this Order becomes final and non-appealable. Within 30 days of the Order becoming final and non-appealable, pursuant to the terms of the Escrow Agreement, the Escrow Agent shall distribute the Settlement Payment, net of any compensation paid to the Escrow Agent (the "Net Settlement Payment"), as follows: (i) $7,073,994.14 to Appaloosa as reimbursement for attorneys' fees and expenses incurred by Appaloosa in connection with this proceeding (the "Appaloosa Fee and Expense Award"); (ii) 50% of the Net Settlement Payment, net of the Appaloosa Fee and Expense Award (the "Trust Settlement Payment"), to Computershare Trust Company, N.A. ("Computershare Trust Company"), as agent for Wells Fargo Bank, N.A. ("Wells Fargo"), as Paying Agent for the Wachovia Bank Commercial Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2007-C30; (iii) 8.33% of the Trust Settlement Payment to Computershare Trust Company, as agent for Wells Fargo, as Trustee Agent for the COBALT CMBS Commercial Mortgage Trust 2007-C2 Commercial Mortgage Pass-Through Certificates, Series 2007-C2; (iv) 8.26% of the Trust Settlement Payment to Computershare Trust Company, as agent for Wells Fargo, as Paying Agent for the Wachovia Bank Commercial Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2007-C31; (v) 26.67% of the Trust Settlement Payment to Computershare Trust Company, as agent for Wells Fargo, as Certificate Administrator for the ML-CFC Commercial Mortgage Trust 2007-5 Commercial Mortgage Pass-Through Certificates, Series 2007-5; and (vi) 6.74% of the Trust Settlement Payment to U.S. Bank National Association, as Trustee for the ML-CFC Commercial Mortgage Trust 2007-6 Commercial Mortgage Pass-Through Certificates, Series 2007-6. 6. The related Trustee, Paying Agent, Trustee Agent, and/or Certificate Administrator (and, to the extent applicable, their agents) are

instructed to (a) characterize each Trust's portion of the Trust Settlement Payment as payments on account of principal, and (b) take all necessary and reasonable steps to distribute the Trust Settlement Payment, net of reasonable attorneys' fees and expenses related to the settlement and distribution of the Trust Settlement Payment and any other reasonable fees and expenses reimbursable from the Trusts of the related Trustee, Paying Agent, Trustee Agent, and/or Certificate Administrator, and to the extent applicable, their agents (the "Net Trust Settlement Payment"), in accordance with the PSA for each Trust, to registered Certificate holders of the Trusts as of the related record date for the first related distribution date for each Trust after receipt of the Trust Settlement Payment; provided, however that if the related Trustee, Paying Agent, Trustee Agent, and/or Certificate Administrator (and, to the extent applicable, their agents) receive the Trust Settlement Payment after the determination date related to such first distribution date (as such terms are defined in the applicable agreements), such parties shall distribute the funds on the next occurring distribution date. To the extent that any Trust has terminated before the distribution of the Net Trust Settlement Payment, the Net Trust Settlement Payment will be distributed as of the last record date before the termination of such Trust.

7. Any actions taken (or omissions made) by the Trustee, Wells Fargo (or Computershare Trust Company as agent for Wells Fargo), CWC, the other parties to the PSAs, or the Escrow Agent, including through their agents, if applicable, in accordance with this Order shall be deemed to comply with all applicable duties under, and be fully authorized and protected by, the PSAs and any other document governing the administration of the Trusts. Because neither the Trustee, Master Servicer, Special Servicer, nor Wells Fargo as Trustee Agent, Paying Agent, or Certificate Administrator, as applicable (or Computershare Trust Company, acting as agent for Wells Fargo in such capacities), nor the other parties to the PSAs for the Trusts, nor the Escrow

Agent, have any ability or responsibility under the PSAs to ensure that the DTC complies with the Order, neither the Trustee, Master Servicer, Special Servicer, nor Wells Fargo as Trustee Agent, Paying Agent, or Certificate Administrator, as applicable (or Computershare Trust Company acting as agent for Wells Fargo in such capacities), nor the other parties to the PSAs for the Trusts, nor the Escrow Agent, shall have any liability for any actions taken by the DTC or any failure to act by the DTC. 8. The holders and beneficial owners of the Certificates issued by the Trusts, each of the parties to the PSAs and any other interested parties are barred from asserting claims against the Trustee, Wells Fargo (or Computershare Trust Company acting as agent for Wells Fargo), CWC, the other parties to the PSAs, Appaloosa, or the Escrow Agent, including their agents, if applicable, arising from the issues addressed in the March 2020 Decision, the July 2022 Summary Order, and/or the March 2024 Decision, or from any acts or omissions taken in accordance with the April 2020 Order, the April 2020 Judgment, and/or the Order. 9. The April 2020 Order and the April 2020 Judgment remain in full force and effect except to the extent inconsistent with (and hence superseded by) the terms of the Order and the March 2024 Decision. 10. Neither the Trustee, nor the Trusts shall be subject to the continuing supervision of the Court, except that the Court shall have the authority to enforce compliance with the terms of the Order.  11. The Order is final as to all matters determined by it and binding on the Trusts, the Trustee, Wells Fargo (and Computershare Trust Company as agent for Wells Fargo), CWC, all other parties involved in the administration of the Trusts, including their agents, if applicable, all persons or entities claiming any legal or beneficial interest in the Trusts (including, without limitation, the past, present, and future holders and beneficial owners of the Certificates issued by the Trusts) and any other interested parties, and all of their successors, agents, or assigns; accordingly, the case is closed.

**Dated:** New York, New York
April 9, 2024

**RUBY J. KRAJICK**

**Clerk of Court**

**BY:** K. Mango

**Deputy Clerk**